Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Daniel G. Shay, Esq. (SBN:250548)
danielshay@SanDiegoBankruptcyNow.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

[Additional Attorney for Plaintiff on Signature Page]

*Attorneys for Plaintiff,*
Margaret McKenna

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Margaret McKenna, an individual, on behalf of herself,<br><br>Plaintiff,<br><br>v.<br><br>Executive Financial Company,<br><br>Defendant. | **Case No:** '16CV3061 CAB BLM<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET SEQ.**<br>2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32**<br>3. **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

**Introduction**

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deception collection practices undermine the public confidence that is essential to the continued function of the banking and credit system and sound extension of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.  Margaret McKenna, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Executive Financial Company ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

1

2                                **Jurisdiction and Venue**

3    4.    This Court has federal question jurisdiction because this case arises out of

4          violation of federal law. 15 U.S.C. §1692 et seq. the Fair Debt Collection

5          Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Rosenthal Fair

6          Debt Collection Practices Act, California Civil Code §§ 1788-1788.32

7          ("Rosenthal Act").

8    5.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C.

9          §1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

10   6.    Plaintiff is a natural person who resides in the City of San Diego, County of

11         San Diego, State of California.

12   7.    Plaintiff resides in San Diego County, as defined by 28 U.S.C. § 1391c(1), the

13         judicial district in which this lawsuit is brought.

14   8.    Defendant regularly attempts to collect alleged debts against consumers in

15         San Diego County by visiting the homes of the consumers in person and

16         demanding payment on debt, as it did to Plaintiff.   Defendant also sends

17         letters and makes threatening live telephone calls to consumers, including

18         Plaintiff.

19   9.    On April 16, 2016, Defendant's representative, Dick Davis, went to Plaintiff's

20         residential address in an attempt to collect on an alleged consumer debt owed

21         by Plaintiff, and therefore failed to comply with federal and state laws.

22   10.   This collection effort towards Plaintiff by Defendant in the County of San

23         Diego is the action that gave rise to the claim alleged and therefore venue is

24         proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b)

25         (2).

26   11.   Plaintiff alleges that at all times relevant herein, Defendant conducted

27         business within the State of California, County of San Diego, within this

28         judicial district.

12. Because Defendant continuously and systematically conducts business in the State of California, personal jurisdiction is established.

**Parties**

13. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer as that term is defined by 15 U.S.C. §1692a(3).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a privately owned company based in Flint, Michigan.

16. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as defined in California Civil Code § 1788.2(c).

18. Defendant, is and at all times mentioned herein was, a business entity, and is a "person," as defined by 47 U.S.C. § 153 (39). Defendant collects on alleged defaulted debts.

19. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**Factual Allegations**

20. At all material times hereto, Plaintiff was and is a terminally ill cancer patient, who is currently being treated with extensive chemotherapy. Plaintiff's doctors believe that Plaintiff will live less than a year.

21. Sometime on or about April 2016, Defendant began calling Plaintiff to collect an alleged debt from Plaintiff. Plaintiff never communicated with Defendant before Defendant began calling her.

22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. On or around April 16, 2016, at 1:48 pm, Defendant's representative, identified as "Dick Davis," went to Plaintiff's residence in attempt to collect debt and left debt-related communication labeled as "Personal Priority Delivery."

24. On or about August 16, 2016, at 7:06 pm, Defendant's representative, Dick Davis left the following voicemail on Plaintiff's cellular number:

> Maggie, Dick Davis, executive financial, hot check division
> Last month, about a month ago, I left a message on your door. The recording says you'll get back to me.
> You didn't call me regarding the personal visit, and when I knocked on the door, and I've sent letters in the mail. And I need a return call at this local number, you can call corporate as soon as possible regarding Viejas if you want to make a deal 800-223-2269 Ms. McKenna.
> We will arrange for an appointment to come by and pick that money up as soon as possible.

25. The RFDCPA "prohibit[s] debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debt." *See* Cal. Civl. Code § 1788.1.

26. Defendant engaged in unfair and deceptive practices by having its representative appear at the door steps of Plaintiff's residence.

27. Through this conduct, Defendant violated 15 U.S.C. § 1692c by communicating with Plaintiff "at [an] unusual time [and] place  known or which should be known to be inconvenient to the consumer."

28. Through this conduct, Defendant also violated Cal. Civ. Code § 1788.17 regarding 15 U.S.C. § 1692c by communicating with Plaintiff "at [an] unusual time [and] place  known or which should be known to be inconvenient to the consumer."

29. Through this conduct, Defendant also violated 15 U.S.C. § 1692d(5) and Cal. Civ. Code § 1788.17 regarding 15 U.S.C. § 1692d(5) by appearing at Plaintiff's residence and leaving Plaintiff "personal delivery" mail, with intent to annoy, abuse, or harass any person at the called number.

30. Through this conduct, Defendant also violated 15 U.S.C. § 1692d and Cal. Civ. Code § 1788.17 regarding 15 U.S.C. § 1692d by appearing at Plaintiff's residence and leaving Plaintiff "personal delivery" mail, with intent to annoy, abuse, oppress, or harass Plaintiff.

31. By arriving at Plaintiff's residence in attempt to collect this alleged debt, Defendant also violated 15 U.S.C. § 1692f and Cal. Civ. Code 1788.17 regarding 15 U.S.C. § 1692f  because Defendant's unwelcomed and harassing visit with a "personal delivery" constituted unfair and unconscionable means to collect the debt.

32. Additionally, Defendant communicated, by telephone or in person, with Plaintiff with such manner as to be unreasonable and to constitute harassment

1    to Plaintiff under the circumstances. Consequently, Defendant violated Cal.

2    Civ. Code § 1788.11(e).

3  33.  Through this conduct, Defendant also violated 15 U.S.C. § 1692g by failing

4    to provide Plaintiff with a written debt validation notice.

5  34.  Despite communicating with Plaintiff by leaving a "personal delivery"

6    correspondence at Plaintiff's door steps on April 16, 2016 and subsequent

7    voicemail on August 16, 2016, Defendant failed to provide Plaintiff with a

8    written debt validation notice, thereby violating Cal. Civ. Code 1788.17

9    regarding 15 U.S.C. § 1692g.

10  35.  As a direct and proximate result of Defendant's unfair, oppressive, and

11    abusive conduct in connection with its debt collection activity, Plaintiff has

12    suffered mental anguish by way of embarrassment, shame, anxiety, fear, and

13    feelings of despair over the fact that Defendant arrived at Plaintiff's door

14    steps at her residence to leave debt collection mail.

**First Cause of Action**

**Fair Debt Collection Practices Act (FDCPA)**

**15 U.S.C. § 1692 Et. Seq.**

18  36.  Plaintiff repeats, re-alleges, and incorporates by reference, all other

19    paragraphs of this Complaint as though fully stated herein.

20  37.  The foregoing acts and omissions constitute numerous and multiple violations

21    of the FDCPA, including but not limited to each and every one of the above-

22    cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

23  38.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to

24    any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in

25    the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

26    reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

27    Defendant.

28

## Second Cause of Action

### Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)

### Cal. Civ. Code §§ 1788-1788.32

39. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

40. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

41. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### Third Cause of Action

### Negligence

42. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

43. Defendant owed a duty of care to Plaintiff to reasonably protect Plaintiff's privacy rights, and to avoid  harassing Plaintiff by appearing at Plaintiff's residence and leaving Plaintiff "personal delivery" collection letter.

44. Defendant negligently failed to take affirmative steps to provide meaningful disclosure of Defendant's identity and to avoid making repeated unwanted and unauthorized telephone calls for the purpose of collecting debt from Plaintiff.

45. Defendant's conduct proximately caused injuries to Plaintiff.

46. Due to Defendant's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

47.   Plaintiff believes and alleges that Defendant's conduct of making repeated unwanted and unauthorized telephone calls to Plaintiff and its failure to provide meaningful disclosure constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

## Prayer For Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

• An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

• An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

• An award of actual damages pursuant to California Civil Code § 1788.30(a);

• An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

• An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

• An award of actual damages in an amount to be proven at trial,

• An award of punitive damages, in an amount to be adduced at trial, from Defendant, and

• Any and all other relief that the Court deems just and proper.

72.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**HYDE & SWIGART**


Date:  December 19, 2016

By:  s/Joshua Swigart
Joshua B. Swigart, Esq.
josh@westcoastlitigation.com
Attorney for Plaintiff


Additional Attorneys for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

HYDE & SWIGART
Consumer Protection Attorneys